UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JUSTIN GRANT KENNAWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22-cv-00210-JDL |
| | ) | |
| SHERIFF SHAWN GILLEN, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION

On July 13, 2022, Plaintiff filed a complaint. (ECF No. 1.) On August 31, 2022, the Clerk of Court forwarded to Plaintiff a Notice of Lawsuit and Waiver of Service Forms for him to complete for service upon the Defendants. As of October 12, 2022, the Plaintiff had not returned the Waiver forms nor otherwise filed proof of service upon any of the defendants.

Because Plaintiff failed to file proof of service within 90 days of filing the complaint in accordance with Federal Rule of Civil Procedure 4(m), on October 12, 2022, the Court ordered Plaintiff to show cause, no later than October 26, 2022, as to why service had not been made. (Order, ECF No. 5.) The Court advised Plaintiff that if he failed to show cause, the Court could dismiss the complaint. (*Id.*) The order was sent to Plaintiff at the address Plaintiff provided at the commencement of this matter,[1] but was returned to the Court as undeliverable. (ECF No. 6.)

---

[1] At the time he filed the complaint, Plaintiff was an inmate at the Aroostook County Jail in Houlton, Maine.

1

As Plaintiff has not filed proof of service, has not filed a response to the Order to Show Cause, and has not informed the Court of a new address or contact information, I recommend the Court dismiss the matter.

### DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's order. Here, Plaintiff has failed to show cause in accordance with the Court's Order to Show Cause. He has also failed to file proof of service upon any of the defendants. Plaintiff thus has failed to comply with the Court's order and has otherwise failed to prosecute his claim.

Furthermore, to the extent Plaintiff is no longer an inmate at the Aroostook County Jail, Plaintiff has not apprised the court of his location or contact information. Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to

promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.")

Given Plaintiff's failure to comply with the Court's order, his failure otherwise to prosecute the matter, and his failure to inform the Court of his new contact information, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of November, 2022.