## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **JUSTIN GRANT KENNAWAY,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| v. | **)** | **No. 1:22-cv-00210-JDL** |
| | **)** | |
| **SHERIFF SHAWN GILLEN, et al.,** | **)** | |
| | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

## ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

Plaintiff Justin Grant Kennaway, proceeding pro se, filed this Complaint (ECF No. 1) on July 13, 2022, against Defendants Sheriff Shawn Gillen, Craig Clossey, Alison Willette, and Dr. Chelsea Howard. This is Kennaway's second lawsuit that he has filed in this Court against Defendants Gillen, Clossey, and Willette arising out of events that allegedly took place when Kennaway was a pretrial detainee at the Aroostook County Jail. *See Kennaway v. Gillen et al.*, 1:22-cv-00036-JDL. In this action, Kennaway alleges that between May 25-27, 2022—after the Defendants had been served in the first lawsuit—he was denied his regular dosage of suboxone on two occasions and then he was "terminated" from the drug treatment program at the facility. ECF No. 1-1 at 2. He claims that this was done in retaliation for filing his first lawsuit, and not, as the Defendants allegedly told him, for "inappropriate" or "abusive and aggressive behavior towards staff." *Id.* at 1-2. His Complaint alleges violations of the Eighth and Fourteenth Amendments, and a violation of the

1

Americans with Disabilities Act.  As a result of the deprivation of treatment, Kennaway claims that he has suffered from physical and mental withdrawal symptoms which have impacted his ability to think clearly and prevented him from effectively defending himself in pending criminal proceedings against him.

Kennaway also filed a Motion to Proceed in Forma Pauperis (ECF No. 2) but was denied because he failed to complete the proper forms (ECF No. 3).  He subsequently paid the filing fees and the Court provided him with copies of Waiver of Service Forms and instructions for serving the Defendants (ECF No. 4).  On October 12, 2022, the Court issued an Order to Show Cause (ECF No. 5) because 90 days had passed since the filing of the Complaint and the Defendants had not been served.  The Order to Show Cause was returned as undeliverable (ECF No. 6).

On November 3, 2022, United States Magistrate Judge John C. Nivison filed a Recommended Decision with the Court (ECF No. 7), pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2022) and Fed. R. Civ. P. 72(b), recommending that the Court dismiss the Complaint because the Plaintiff (1) failed to respond to the Court's Order to Show Cause, (2) failed to file proof of service on the Defendants and otherwise prosecute his claim, and (3) failed to update his address with the Court.  Judge Nivison concluded that these failures warrant dismissal of the Complaint.

The time within which to file objections has expired, and no objections have been filed.  The Magistrate Judge provided notice that a party's failure to object would waive the right to *de novo* review and appeal.  I have reviewed and considered the Recommended Decision, together with the entire record, and have made a *de novo*

determination of all matters adjudicated by the Magistrate Judge.  I concur with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and determine that no further proceeding is necessary.

It is therefore **ORDERED** that the Recommended Decision (ECF No. 7) of the Magistrate Judge is hereby **ACCEPTED**.  It is further **ORDERED** that Plaintiff Kennaway's Complaint (ECF No. 1) is **DISMISSED** without prejudice.


**SO ORDERED.**

**Dated this 7th day of December 2022.**

        **/s/ Jon D. Levy**
        **CHIEF U.S. DISTRICT JUDGE**
